In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3461

Kevin Rittenhouse,

Petitioner-Appellant,

v.

John C. Battles,

Respondent-Appellee.

Appeal from the United States District Court
for the Central District of Illinois.
No. 98 C 3286--Jeanne E. Scott, Judge.

Argued April 12, 2001--Decided August 27, 2001


   Before Flaum, Chief Judge, and Manion and
Kanne, Circuit Judges.

   Kanne, Circuit Judge.  Kevin Rittenhouse
appeals the district court's denial of
his petition for a writ of habeas corpus.
In addition to arguing that the district
court incorrectly denied his petition
with respect to the two claims in the
certificate of appealability, Rittenhouse
also asks us to amend the certificate to
include two other claims. For the reasons
stated below, we will not amend the
certificate of appealability granted by
the district court, and we deny
Rittenhouse's petition for a writ of
habeas corpus.

I.  History

   A jury found Kevin Rittenhouse guilty of
three counts of first degree murder,
three counts of aggravated criminal
sexual assault, three counts of criminal
sexual assault, one count of concealment
of a homicidal death, and one count of
obstruction of justice, in connection
with the rape and murder of Mal Chaplin.
The murder and sexual assault counts were
based on Rittenhouse's criminal
responsibility for the acts of Shawn
Chaszar, who raped Chaplin, and Jeffery
Whitehead, who also raped and then
murdered Chaplin in an apartment in
Normal, Illinois. At Rittenhouse's trial
the State provided evidence indicating

that Rittenhouse was in the apartment while these crimes were being committed, that he witnessed Whitehead and Chaszar raping Chaplin, and that he took affirmative steps to conceal Chaplin's rape and murder after the crimes were committed. Rittenhouse was convicted by a jury and subsequently sentenced to consecutive terms of twenty years for one count of first degree murder and six years for each count of aggravated criminal sexual assault, for a total of thirty-eight years incarceration.

Rittenhouse appealed to the Illinois Appellate Court challenging the validity of his conviction and sentence. The appellate court rejected his claims. See People v. Rittenhouse, No. 4-93-1083, slip. op. at 22 (Ill. App. Ct. Feb. 10, 1995). Rittenhouse then filed a petition for leave to appeal to the Illinois Supreme Court, raising the same claims brought before the court of appeals. The Illinois Supreme Court denied Rittenhouse's petition. See People v. Rittenhouse, 657 N.E.2d 634 (Ill. 1995).

Rittenhouse next initiated collateral review proceedings by filing a post-conviction petition in Illinois state trial court, alleging that he was denied the effective assistance of trial and appellate counsel due to their failure to raise certain issues regarding the instructions given to the jury. He subsequently filed a supplemental petition as well. Both of these petitions were denied. Rittenhouse appealed the trial court's ruling, asserting five different claims. The Illinois Appellate Court affirmed the denial of Rittenhouse's post-conviction petition. See People v. Rittenhouse, No. 4-97-0503, slip op. at 18 (Ill. App. Ct. March 17, 1998). Petitioner again filed a petition for leave to appeal to the Illinois Supreme Court, and that petition was subsequently denied. See People v. Rittenhouse, 699 N.E.2d 1036 (Ill. 1998).

Rittenhouse then filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. sec. 2254 in the United States District Court for the Central District of Illinois. In his petition, Rittenhouse claimed that: (1) the trial court's instructions on the charges of murder and sexual assault invaded the province of the jury and

denied Rittenhouse his due process rights under the Fourteenth Amendment; (2) he was denied effective assistance of counsel when counsel failed to notice and object to the improper instructions, and failed to offer an alternative instruction that did not contain a presumption of legal responsibility; (3) he was denied the right to effective assistance of trial counsel by counsel's failure to adequately confer with him regarding a plea bargain offer and by failing to inform him that consecutive sentences were mandatory or allowed; and (4) the trial court's refusal to instruct the jury on Rittenhouse's mere presence theory of defense was a denial of his fundamental right to due process and equal protection.

The district court denied Rittenhouse's petition for habeas corpus. In reaching this decision, the court concluded that Rittenhouse's challenge to the jury instructions on the charges of murder and sexual assault and his claim of ineffective assistance of trial counsel were procedurally defaulted. With regard to his two remaining claims, the district court found that the Illinois Appellate Court's analysis on these issues was "neither an incorrect statement of Supreme Court precedent nor an unreasonable application of the law to the facts." Rittenhouse v. O'Sullivan, No. 98-3286, slip op. at 16 (C.D. Ill. Aug. 22, 2000). Rittenhouse then filed a petition for a certificate of appealability, presenting two issues he wished to raise on appeal to this court: (1) that the trial court's instructions on the charges of murder and sexual assault invaded the province of the jury and denied Rittenhouse of his due process rights under the Fourteenth Amendment; and (2) that the trial court's refusal to instruct the jury on Rittenhouse's mere presence theory of defense was a denial of his fundamental right of due process and equal protection under the Fourteenth Amendment. The district court granted Rittenhouse's petition for a certificate of appealability on these issues. See Rittenhouse v. O'Sullivan, No. 98-3286, slip op. at 3 (C.D. Ill. Sept. 14, 2000).

II. Analysis

A. Request for Amendment of the Certificate of Appealability

Rittenhouse raises two other claims that are not included in the district court's certificate of appealability. He asks us to consider his claims that: (1) he was denied the effective assistance of trial counsel when his attorney failed to object to instructions that he contends contained a mandatory presumption of legal responsibility and (2) he was deprived of the effective assistance of appellate counsel when his counsel did not raise an issue regarding the trial court's failure to instruct the jury on his mere presence theory of defense.

In accordance with 28 U.S.C. sec. 2253(c), a habeas petitioner may appeal only those issues for which a certificate of appealability has been granted. See Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir. 1997). Thus, the State asks this court not to consider the two claims included in Rittenhouse's brief that were not encompassed by the certificate of appealability. This court has recently explained, however, that "we shall continue to consider requests to amend a certificate of appealability even when they are presented in a petitioner's briefs to this court." Ouska v. Cahill-Masching, 246 F.3d 1036, 1046 (7th Cir. 2001). A party can make such a request by specifically asking us to consider the issue in its brief or "by simply including issues in its briefs that were not specified in the certificate." Id. at 1045. In this case, Rittenhouse did both: he included his additional claims in his initial brief without requesting that we amend the certificate, and in his reply brief, he explicitly asked us to consider these other issues.

In order to issue a certificate of appealability "[w]here a district court has rejected [a habeas petitioner's] constitutional claims on the merits, the showing required to satisfy sec. 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). In this case, the district court rejected Rittenhouse's claim that he was denied effective assistance of trial counsel when his attorney failed to object to certain instructions that

allegedly contained a mandatory presumption of legal responsibility. Thus, Rittenhouse must now demonstrate that reasonable jurists would find the district court's conclusion that he was not denied the effective assistance of trial counsel to be debatable or wrong. He has made no such showing.

Rittenhouse's first ineffective assistance claim stems from a phrase that was included in nine different instructions submitted to the jury at Rittenhouse's trial to which his trial counsel did not object:

To sustain the charge of criminal sexual assault as charged in count IV involving the penis of Jeffery Whitehead and vagina of Mal Chaplin, the State must prove the following propositions:

First: That Whitehead, one for whose conduct the defendant is legally responsible, committed an act of sexual penetration upon Mal Chaplin . . . .

Rittenhouse asserts that the emphasized language contains an improper presumption of legal responsibility and that this error is magnified by the fact that his culpability for the sexual assault and murder charges was based on a theory of legal accountability for the actions of Whitehead and Chaszar. Thus, Rittenhouse claimed before the Illinois courts that he was provided with ineffective assistance of trial counsel when his counsel failed to object to the inclusion of the emphasized language in the jury instructions.

In reviewing Rittenhouse's habeas petition, the district court evaluated the Illinois Appellate Court's decision rejecting Rittenhouse's claim of ineffective assistance of counsel. See Rittenhouse, No. 98-3286, slip op. at 5-14. In so doing, the district court reviewed the appellate court's use of the framework provided by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to review ineffective assistance of counsel claims. The district court likewise reviewed the appellate court's application of Strickland to the facts of this case, as well as its ultimate conclusion that the jury instructions:

taken as a whole, informed the jury of its responsibility to determine, first, whether defendant was accountable for the conduct of his codefendants in sexually assaulting the victim and, second, once it found defendant accountable, to find defendant guilty beyond a reasonable doubt. These instructions did not direct a verdict in favor of the State. Thus, defense counsel cannot be deemed ineffective for failing to object to the State's tendered instructions.

People v. Rittenhouse, No. 4-97-0503, slip op. at 9 (Ill. App. Ct. March 17, 1998). The district court concluded that "[t]he Appellate Court properly stated the standard for ineffective assistance of counsel set forth in . . . Strickland," Rittenhouse v. O'Sullivan, No. 98-3286, slip op. at 13 (C.D. Ill. Sept. 14, 2000), and that the Illinois court's conclusions were not "an unreasonable application of Supreme Court precedent to the facts," id. at 14. We agree with the district court's analysis.

Although we acknowledge that the language Rittenhouse challenges might have been worded more clearly, other portions of the instructions ensured that the jury was informed that it could not presume that Rittenhouse was legally responsible for the actions of Whitehead and Chaszar:

It is not necessary for the State to show that it was or may have been the original intent of the defendant or another for whose conduct the defendant is legally responsible to kill Mal Chaplin. The State still must prove that the defendant had the requisite intent to promote or facilitate the commission of the underlying offense of criminal sexual assault in order to hold the defendant legally responsible for first degree murder, based upon the commission of criminal sexual assault.

(emphasis added). Additionally, the instructions reiterated to the jury that it was the State's burden to prove each element of every charge beyond a reasonable doubt, which included Rittenhouse's legal responsibility for the actions of Chaszar and Whitehead. Furthermore, Rittenhouse's counsel, as well as the State's Attorney, emphasized in closing argument that the question for

the jury was whether Rittenhouse could be held legally responsible for the actions of his co-defendants. Thus, we find that the jury instructions Rittenhouse challenges, taken as a whole, were not improper, and that his counsel's failure to object to this language was not "so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" or that Rittenhouse was "prejudiced" by his counsel's performance. Strickland, 466 U.S. at 687. Therefore, we find that the district court's assessment of the Illinois Appellate Court's determination that Rittenhouse's counsel did not provide ineffective assistance of counsel in failing to object to these instructions is not an assessment that reasonable jurists would find to be incorrect or even debatable. Consequently, we will not amend the district court's certificate of appealability to include this issue.

Rittenhouse also asks us to amend the certificate of appealability to include his claim that he was deprived of the effective assistance of appellate counsel when his attorney did not challenge the trial court's failure to instruct the jury on his mere presence theory of defense. The problem with this claim, however, is that although Rittenhouse presented it to the Illinois courts during the course of his post-conviction proceedings, he did not present it when he filed his petition for a writ of habeas corpus in the district court. Thus, he has waived this claim on appeal. See Drake v. Clark, 14 F.3d 351, 355 (7th Cir. 1994) ("[T]he law is clear that any claim not presented to the district court is waived on appeal.") (internal quotation omitted). Therefore, we decline to amend the certificate of appealability granted by the district court, and we will now turn to the claims included in that certificate.

B.  Rittenhouse's Certified Claims

When reviewing an appeal from a district court's ruling on a petition for a writ of habeas corpus, we review that court's factual findings for clear error and its rulings on issues of law de novo. See Ellsworth v. Levenhagen, 248 F.3d 634, 638 (7th Cir. 2001). Because Rittenhouse's habeas petition was filed after the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we review his claims pursuant to 28 U.S.C. sec. 2254 as amended by that Act. See Lindh v. Murphy, 521 U.S. 320, 322-23, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Ouska v. Cahill-Masching, 246 F.3d 1036, 1044 (7th Cir. 2001). Thus, we are permitted to grant his petition for a writ of habeas corpus only if the claims he now presents were adjudicated by the Illinois courts on the merits in such a manner that "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." sec. 2254(d)(1).

The Supreme Court has explained that a state court decision is contrary to clearly established precedent "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Court] and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The Court has likewise explained that a state court decision is an unreasonable application of its precedent if "the state court identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. While a federal court reviews de novo whether a state court ruling was "contrary to" clearly established law, see Ouska, 246 F.3d at 1044, "under the 'unreasonable application' clause, 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Morgan v. Krenke, 232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 529 U.S. at 409).

Before reviewing the merits of Rittenhouse's claims, we must determine whether he properly presented these claims to the Illinois courts. If he failed to "exhaust all available state

remedies or raise all claims before the state courts, his petition must be denied without considering its merits." Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001). We have explained that the "requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems." Spreitzer v. Schomig, 219 F.3d 639, 645 (7th Cir. 2000). To satisfy this requirement, a petitioner "must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he will forfeit federal review of the claim." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). Additionally, our cases have articulated four factors to consider in determining whether a habeas petitioner has fairly presented his claims in state court:

(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

Id. at 327. In applying these factors, "[t]he bottom line is that the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." Ellsworth v. Levenhagen, 248 F.3d 634, 639 (7th Cir. 2001) (quotations omitted).

The district court concluded that Rittenhouse's claim that the trial court's instructions denied him of his Fourteenth Amendment due process rights was procedurally defaulted because Rittenhouse did not fairly present this claim to the Illinois courts. See Rittenhouse v. O'Sullivan, No. 98-3286,

slip op. at 14-15 (C.D. Ill. Aug. 22, 2000). Rittenhouse's briefs to the Illinois courts only discussed the problems with the challenged instructions within the context of his argument that he was denied the effective assistance of trial counsel for his attorney's failure to object to these instructions. Additionally, Rittenhouse's brief to the Illinois Appellate Court did not refer to a single federal or state case addressing a criminal defendant's federal due process rights. In fact, the only reference to due process in Rittenhouse's ten page argument alleging ineffective assistance of counsel appears in the very last sentence, where he asserts that the trial court's "instructional errors" denied him of his right to due process.

A close review reveals, however, that although Rittenhouse's only discussion of the jury instructions was within the context of his ineffective assistance of counsel claim, he did in fact present the Illinois Appellate Court with a very substantial analysis of alleged problems with the jury instructions. Additionally, his argument that the instructions created a mandatory presumption of legal responsibility clearly implicates the Due Process Clause as explained by the Supreme Court in Sandstrom v. Montana, 442 U.S. 510, 521, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979) (finding that a presumption in a jury instruction that relieves the government of its burden to prove each element of a crime violates the Due Process Clause). Likewise, although the appellate court did not say this outright, its analysis concluding that the instructions did not create an improper presumption squarely addresses and rejects Rittenhouse's argument that is essentially a due process argument. Thus, although it is a close call, we will err on the side of evaluating the merits of Rittenhouse's claim.

As we explained in Part II.A., however, these instructions, taken as a whole, did not create a presumption that Rittenhouse was legally responsible for the actions of Whitehead and Chaszar. Thus, the instructions did not relieve the State of its burden to prove Rittenhouse's culpability for each of the crimes with which he was charged. Therefore, we conclude that the Illinois Appellate Court's conclusion that these

instructions were proper was not an "unreasonable application of" clearly established Supreme Court precedent. Consequently, we will deny Rittenhouse's petition on this claim.

With regard to Rittenhouse's second claim--that the trial court's refusal to instruct the jury on his mere presence theory of defense was a denial of his fundamental right to due process and equal protection under the Fourteenth Amendment--the district court dismissed it on the merits, finding that the Illinois Appellate Court's decision rejecting Rittenhouse's claim was "neither an incorrect statement of Supreme Court precedent nor an unreasonable application of the law to the facts." Rittenhouse v. O'Sullivan, No. 98-3286, slip op. at 16 (C.D. Ill. August 22, 2000). The court reached the merits notwithstanding the appellant's assertion that Rittenhouse's claim was procedurally defaulted pursuant to the Supreme Court's decision in O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999), because he failed to include this claim in the petition for leave to appeal that he filed with the Illinois Supreme Court. In rejecting the respondent's argument, the district court explained that, because Rittenhouse filed his petition when the decisions of this court "held that he did not default issues if he left them out of this petition for leave to appeal," it would not "default Rittenhouse for following the then existing procedural law of the [Seventh] Circuit." Rittenhouse, No. 98-3286, slip op. at 15-16. We cannot agree.

In Boerckel, the Supreme Court ruled that several of the claims raised in the defendant's federal habeas petition were procedurally defaulted because he had not properly presented those claims to the Illinois courts. 526 U.S. at 848. Although he had presented the claims to the Illinois Appellate Court, Boerckel did not include them in his petition for leave to appeal to the Illinois Supreme Court, and, therefore, he had not satisfied the federal exhaustion requirement. See id. While Boerckel's case involved a matter on direct appeal, we have since held that "[t]he procedural default rule announced in Boerckel applies with equal force in a case . . . on collateral review." White v. Godinez,

192 F.3d 607, 608 (7th Cir. 1999). Additionally, consistent with the Supreme Court's retroactive application of its holding in Boerckel, we have procedurally defaulted a habeas petitioner's claims where he sought relief through the state court system prior to the Boerckel decision and failed to present certain claims in his petition for leave to appeal to the Illinois Supreme Court. See Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999). Therefore, we must disagree with the district court's determination that the Boerckel decision does not affect Rittenhouse's petition and instead conclude that this claim has been procedurally defaulted because Rittenhouse did not include it in his petition for leave to appeal to the Illinois Supreme Court.

Because we find this claim to be procedurally defaulted, we may grant Rittenhouse's petition for habeas relief on this claim only if he is able to "'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" Anderson v. Cowan, 227 F.3d 893, 899-900 (7th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). Rittenhouse has made no attempt to offer such a demonstration, other than his attorney's comment at oral argument that if this court were to find that both of his claims were procedurally defaulted, and therefore declined to review them on the merits, the errors alleged in these claims, taken together, would result in a fundamental miscarriage of justice. We do not accept this argument. We have already denied Rittenhouse's first claim on the merits, and we find no aspect of the trial court's decision to refuse to instruct the jury on his mere presence theory of defense that requires us to review this claim on the merits in order to avoid a miscarriage of justice. Therefore, we will deny his petition for a writ of habeas corpus on this claim.

III.  Conclusion

For the foregoing reasons we AFFIRM the district court's denial of Rittenhouse's petition for a writ of habeas corpus.