Solomon MONTAGUEO, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 01–2963.

United States Court of Appeals, Seventh Circuit.

Submitted June 25, 2002 *.

Decided Aug. 13, 2002.

Before EASTERBROOK, RIPPLE, DIANE P. WOOD, Circuit Judges.

**ORDER**

Solomon Montagueo is serving a life sentence for his role in a major crack cocaine conspiracy in Rockford, Illinois. After we affirmed his conviction and sentence, see *United States v. Cavender,* 228 F.3d 792 (7th Cir.2000), he filed this collateral attack under 28 U.S.C. § 2255. Though he raised several grounds for setting aside his conviction, all of which were denied by the district court, he has been granted a certificate of appealability on just one: whether Montagueo's trial counsel was ineffective for failing to move to suppress the fruits of an unlawful stop, search, or arrest. We affirm the judgment of the district court rejecting this claim.

According to testimony introduced at trial, Montagueo was riding a bicycle through a housing project in Rockford when an officer looking for curfew violators stopped him to see if he was underage. Montagueo began yelling obscenities at the officer, who called backup to the scene. The police then arrested Montagueo, transported him away from a gathering mob, and searched him incident to the arrest. They discovered a pager, $861 in cash, and 30 bags of crack cocaine on his person. The cocaine was admitted into evidence and served as the basis for Montagueo's substantive drug offense conviction under 21 U.S.C. § 841(a)(1). Montagueo was also convicted of conspiring with nine others to distribute crack cocaine.

In his petition, Montagueo alleges that the officers knew that he was not an underage youth but seized him anyway and that the officers planted the cocaine on

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

him. He also claims that he passed this information along to his court-appointed attorney, but the attorney failed to move to suppress the drugs. This, he insists, violates his Sixth Amendment right to effective assistance of counsel. See *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (failure of counsel to make timely suppression motion can state Sixth Amendment claim).

We review a district court's ruling on ineffective assistance of counsel *de novo*. *Rodriguez v. United States*, 286 F.3d 972, 982 (7th Cir.2002). To prevail on an ineffective assistance claim, Montagueo must establish both defective performance of counsel and prejudice, showing "both that his counsel's service did not meet an objective standard of reasonableness and that there is a fair probability that but for his attorney's ineffectiveness, the result of the trial would have been different." *United States v. Meyer*, 234 F.3d 319, 325; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The prejudice prong is satisfied only if the reviewing court's confidence in the outcome is undermined to such a degree that the verdict is rendered suspect. *Kimmelman*, 477 U.S. at 374, 106 S.Ct. 2574.

This court has found that "the admission of illegally seized but reliable evidence does not lead to an unjust or fundamentally unfair verdict." *Holman v. Page*, 95 F.3d 481, 490 (7th Cir.1996). So long as the evidence itself is reliable, there is no prejudice from admitting that evidence; to the contrary, the admission enhances the truthfinding process (even if it does not simultaneously further the goal of ensuring proper police procedures). *Id.* at 491; see also *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir.1997); *United States v. Jones*, 152 F.3d 680, 688 (7th Cir.1998). While we have not heretofore applied the *Holman* analysis to a § 2255 claim, we have suggested that the same

rules should apply. *Alexander v. United States*, 121 F.3d 312, 313–14 (7th Cir.1997). Here the evidence itself appears to have been reliable and supported the drug conviction, and thus Montagueo cannot show prejudice. Counsel therefore was not ineffective in failing to offer a motion to suppress it.

Even if we were to retreat from this line of precedent, Montagueo's claim lacks merit under *Strickland* itself because he also cannot establish that counsel's performance fell below the constitutional minimum. It does not appear from the record that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Three police officers testified that Montagueo yelled obscenities and attempted to leave when stopped while riding his bicycle. When that failed, he brought up his fists in a fighting stance. One officer then attempted to perform a *Terry* search, but Montagueo pulled his hands tight to his side and refused to comply. The eventual search of Montagueo's person turned up 30 plastic baggies above the legband of his pants. Although Montagueo now disputes the veracity of the three officers' accounts, their consistent testimony to a reasonable version of events would have rendered any motion to suppress based only on Montagueo's contrary account at best a long shot to succeed. Montagueo's counsel's failure to make a motion that was likely to fail cannot be deemed unreasonable behavior so deficient as to deprive Montagueo of counsel. *Rodriguez*, 286 F.3d at 985.

Montagueo spends a good portion of his brief and reply brief arguing that his Fifth and Sixth Amendment rights were violated when the government was permitted to amend the indictment to remove references in the conspiracy count to his participation in the Vice Lords street gang.

Montagueo was not granted a certificate of appealability on this issue, and thus it is not properly before us at this time. Even if we construe Montagueo's arguments as a request to expand the certificate of appealability, see *Rittenhouse v. Battles,* 263 F.3d 689, 693 (7th Cir.2001), we would deny such a request because this claim does not present a substantial question of constitutional law. The indictment alleged that Montague and nine other individuals, who were members of the Vice Lords, engaged in a conspiracy to distribute crack cocaine. At trial, the government realized it never introduced evidence about the defendants' membership in the Vice Lords and defense counsel agreed to redact the indictment for the jury. This was doubt-

less a smart move, preventing the jury from learning even more damaging information about the defendants, and it certainly does not amount to ineffective assistance of counsel. The minor change in the indictment did not violate Montagueo's rights because membership in the Vice Lords street gang was not an essential element of the offense of conspiracy. At best this is a claim of variance, see *United States v. Duff,* 76 F.3d 122 (7th Cir.1996), and a poor claim of variance at that.

AFFIRMED