**Kenneth MORROW, Petitioner–Appellant,**

v.

**John R. VANNATTA, Respondent–Appellee.**

No. 02–1837.

United States Court of Appeals,
Seventh Circuit.

Submitted April 8, 2003.*

Decided April 9, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

A disciplinary board found Indiana inmate Kenneth Morrow guilty of participating in a riot in his prison dormitory, and revoked 180 days of his good-time credits and reduced his credit-earning class. After his administrative appeals were unsuccessful, Morrow petitioned under 28 U.S.C. § 2254 to overturn the board's decision. Because he suffered a loss of good-time credits, his petition was properly brought under § 2254, *see Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir.2001), and the hearing before the board had to comply with due process standards, *see Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v.*

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

*McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Morrow was charged with engaging in the riot based on an investigation by Officer Madison. Lieutenant Lightburn, who was in charge of diffusing the riot, told Madison that when he gained entry to the dorm he announced over a bullhorn that "any offender not wanting to participate in the demonstration should come forward with their hands above their head, and he would secure their exit from the unit." But according to Lightburn no inmate–including Morrow–came forward. Morrow was provided with Officer Madison's field report, a conduct report setting forth the charge, and written notice of an upcoming disciplinary hearing. Morrow pleaded not guilty, requested a lay advocate to assist him, and, he says, requested several witnesses. Around the date set for hearing, Morrow was transferred to another prison and his hearing was postponed. The disciplinary board at his new prison held the hearing the following month, and Morrow appeared with his lay advocate. Morrow denied participating in the riot, asserting that Lieutenant Lightburn told everyone who was not involved not to come forward, but to lay down with their hands behind their head, which he did. He presented no evidence aside from his own testimony. The disciplinary board found him guilty and revoked 180 days of his good-time credits and demoted him from credit-earning class I to credit-earning class II.

In his petition Morrow alleged only that the disciplinary board violated state regulations and his due process rights by failing to hold a separate hearing to determine his punishment after it determined his guilt. The district court denied the petition, concluding that the rudimentary safeguards of due process required by *Wolff* and its progeny do not mandate two hearings–one to determine guilt and another to determine punishment. Rather, due process requires only that the prisoner receive advance written notice of the charges, *see Wolff,* 418 U.S. at 564, 94 S.Ct. 2963, an opportunity to present testimony and documentary evidence to an impartial decision-maker, *id.* at 566, 570–71, 94 S.Ct. 2963, and a written explanation for the discipline, *id.* at 564, 94 S.Ct. 2963, that is supported by "some evidence" in the record, *see Hill,* 472 U.S. at 454–55, 105 S.Ct. 2768; *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000). So long as those safeguards are met, the court concluded, violations of prison policy such as those alleged by Morrow were matters of state law beyond the scope of habeas corpus. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

■ As a preliminary matter, Indiana contends that we may not entertain Morrow's appeal because 28 U.S.C. § 2253 required that a certificate of appealability be issued before the appeal could be taken. To this end, Indiana urges us to reconsider our decision in *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000), which holds that a certificate of appealability is not necessary in prison disciplinary cases. Indiana raises no new or compelling arguments for overturning *Walker.* Indeed, in *Moffat v. Broyles,* 288 F.3d 978, 980 (7th Cir.2002), we acknowledged that several other circuits have rejected *Walker's* holding. We thus decline Indiana's invitation to rethink our position here.

■ Still, though Morrow did not need a certificate of appealability, he does need to make an argument relating to the district court's denial of the single claim alleged in his petition–namely, that the disciplinary board violated his due process rights by failing to hold a separate hearing to determine his punishment. But rather than doing so Morrow instead asserts that the district court "failed to note fundamental errors apparent on the face of the

record," and goes on to raise several arguments that were never presented in his petition. He now argues that his disciplinary proceeding was flawed because the board denied him the opportunity to present witnesses, was comprised of biased members, and found him guilty without evidence that he actually participated in the riot. But by failing to raise those arguments in his petition, Morrow waived them. *See Rodriguez v. United States,* 286 F.3d 972, 978 (7th Cir.2002); *Rittenhouse v. Battles,* 263 F.3d 689, 694–95 (7th Cir.2001). And, as the state points out, Morrow did not argue in his administrative appeals that his requests for witnesses were refused and, thus, procedurally defaulted the argument. *See Moffat,* 288 F.3d at 982.

The judgment of the district court is AFFIRMED.