**William SPEENER, Petitioner–Appellant,**

v.

**Cheri MAPLES, Respondent–Appellee.**

No. 02–4371.

United States Court of Appeals, Seventh Circuit.

Sept. 20, 2005.

William Speener, Oshkosh, WI, pro se.

James E. Doyle, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee.

Before MANION, KANNE, and EVANS, Circuit Judges.

## ORDER

A Wisconsin jury convicted William Speener of two counts of first-degree sexual assault of a child, Wis. Stat. § 948.02(1), and one count of exposing his genitals, Wis. Stat. § 948.10. He was sentenced to ten years' imprisonment on the first count of sexual assault, forty years' on the second count of sexual assault, and nine months' on the exposure count. The forty-year sentence and the nine-month sentence were stayed, however, and the trial court imposed a ten-year term of probation following his imprisonment for the first sexual assault.

After sentencing, Speener, represented by new counsel, filed a post-conviction motion pursuant to Wis. Stat. § 974.02 requesting a new trial because of ineffective assistance of trial counsel. The trial court conducted a hearing and denied the motion. Speener then challenged his conviction and the denial of his post-conviction motion in the Wisconsin Court of Appeals, which affirmed the trial court's decisions. The Wisconsin Supreme Court denied Speener's petition for review.

Shortly thereafter, Speener filed a pro se post-conviction motion pursuant to Wis. Stat. § 974.06. In this motion, Speener argued, among other things, that he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel. The trial court denied the § 974.06 motion, and the Wisconsin Court of Appeals affirmed its decision. The Wisconsin Supreme Court again declined review.

Speener then filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Wisconsin. Speener asserted several claims, including numerous allegations of ineffective assistance by trial and post-conviction counsel. The district court rejected Speener's petition, but issued a certificate of appealability ("COA") with respect to whether post-conviction counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel based on the trial counsel's failure to object to Speener's absence during a critical stage of trial.

By virtue of having received a COA, Speener's case came next to this court where it was assigned docket number 02–4371. Before filing his opening brief on the claim already before this court, Speener filed a motion asking us to expand the district court's COA.

On April 7, 2003, this court issued an order denying Speener's motion to expand. Further, this court sua sponte vacated the district court's COA "because the Consti-

tution does not bestow the right to post-conviction counsel." We subsequently denied Speener's petition for rehearing and, on June 4, 2003, the mandate issued. Speener sought certiorari review, but the Supreme Court denied his petition, as well as his later petition for rehearing.

In the normal course of events, that would have been the end of the case. To summarize, the district court considered Speener's claims, rejected each of those claims, and granted a COA identifying one claim meriting appellate consideration; this court vacated the decision to grant a COA and rejected Speener's request to expand the COA; and following a petition for rehearing that was denied, this court issued its mandate.

Nonetheless, on January 12, 2004, Speener filed a petition with this court for a writ of mandamus, which was assigned case number 04–1077. In the petition, Speener asked the court to "reverse, vacate, or modify" the decision of the district court denying his petition for a writ of habeas corpus. Speener argued that a footnote in the district court's decision set forth a clearly erroneous statement of law.

The footnote at issue, footnote four, relates to Speener's claim that post-conviction counsel was ineffective for failing to allege that trial counsel was ineffective for not investigating welfare fraud by state witnesses. In the body of its opinion, the district court held that this claim was procedurally defaulted and that Speener had not attempted to demonstrate either cause or prejudice to excuse the default. In footnote four, the district court also held that "the petitioner did not have a constitutional right to post-conviction counsel. Thus, *even if the petitioner had established cause and prejudice*, his claim of ineffective assistance of trial counsel lacks merit." (Internal citation omitted) (emphasis added).

On April 14, 2004, this court denied the petition for a writ of mandamus. Speener then filed a petition for rehearing and a petition for rehearing en banc. At the request of a member of this court, the State of Wisconsin was invited to file an answer. In that answer, Wisconsin conceded that footnote four was an erroneous statement of the law. Wisconsin also argued, however, that the footnote was irrelevant; the district court had decided the ineffective-assistance claim on different grounds (namely, that it was procedurally defaulted) and relied on the statement of law in that footnote only as an alternative holding.

Wisconsin also noted that this court's April 7, 2003 order was incorrect. Recall that the April 7, 2003 order vacated the district court's grant of a COA "because the Constitution does not bestow the right to post-conviction counsel." This was not an alternative holding but the sole basis upon which this court vacated the district court's COA. As we explain below, this statement of law was in error insofar as it applies to Speener's claim.

Under Wisconsin law, a criminal defendant must raise all issues, other than issues raised before the trial court or challenges to the sufficiency of evidence for a conviction, in a post-conviction motion. Wis. Stat. § 974.02(2). Issues not raised at trial or in the post-conviction motion may not be considered on direct appeal. *State v. Waites,* 158 Wis.2d 376, 462 N.W.2d 206, 213 (1990); *see also Page v. Frank,* 343 F.3d 901 (7th Cir.2003).

Because of this post-conviction, pre-appeal procedure, "post-conviction counsel" in Wisconsin parlance includes counsel who participate in this process and not just, as is typically the case, counsel who assist a criminal defendant in collaterally attacking a conviction or sentence after the defendant has exhausted his direct appeals. That is important. A defendant is entitled to the effective assistance of counsel through his first appeal of right. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). That would necessarily include "post-conviction counsel" responsible for Wisconsin's post-conviction, pre-appeal process. A defendant is not entitled, however, to effective assistance of post-appeal counsel, often also referred to as post-conviction counsel. *Pitsonbarger v. Gramley,* 141 F.3d 728, 737 (7th Cir. 1998) (citing *Coleman v. Thompson,* 501 U.S. 722, 756–757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

 Speener's claim of ineffective assistance of post-conviction counsel referred not to the assistance of counsel rendered *after* the conclusion of his direct appeal (he has had no such counsel), but to the performance of counsel in the post-conviction, pre-appeal process. As we explained above, a criminal defendant has the right to counsel during the post-conviction, pre-appeal process. This court's conclusion[1] that Speener was not entitled to effective assistance of post-conviction counsel was, therefore, in error.

What can this court do about that error? On June 29, 2004, we issued an

---

1. Footnote four of the district court's order denying habeas corpus relief was also in error. Wisconsin is correct, however, in its assessment of the import of that error to the district court's decision. Footnote four was dicta. The district court found that the ineffective-assistance claim was procedurally defaulted and Speener had not shown the necessary cause and prejudice to overcome that default. As footnote four makes clear, only if Speener had shown cause and prejudice would the district court's statement that he was not entitled to effective assistance of post-conviction counsel, apply. The district court's ultimate conclusion was in no way undermined by the erroneous statement in footnote four.

order attempting to correct the error. That order, issued in response to Speener's petitions for rehearing and rehearing *en banc* on his petition for a writ of mandamus, denied the petitions for rehearing and rehearing *en banc* but vacated this court's April 7, 2003 order. Recall that the April 7, 2003 order, issued in Speener's habeas corpus appeal, vacated the district court's grant of a COA and denied Speener's motion to expand his certificate of appealability. Accordingly, Speener's motion to expand his COA remains pending. Furthermore, Speener's ineffective assistance of post-conviction counsel, the claim certified for appeal by the district court, requires consideration on the merits.

But can this court, in effect, turn the clock back to April 6, 2003? As indicated above, this court issued its mandate in the habeas corpus proceeding on June 4, 2003. Turning back the clock would require the court to recall its mandate. In most cases, we cannot do that.

In *Calderon v. Thompson*, 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998), the Supreme Court held that a federal court of appeals cannot recall its mandate in order "to revisit the merits of an earlier decision denying habeas corpus relief to a state prisoner...." *Id.* at 558, 118 S.Ct. 1489. The only exception to this rule is where a petitioner asserts his actual innocence of the underlying crime. *Id.* Nowhere in his filings before this court or in the district court has Speener asserted his actual innocence. It would seem, therefore, that the June 7, 2003 order, which effectively recalled the mandate in Speener's habeas corpus appeal, was improvidently issued.

The rule announced in *Calderon* does not apply to this case, however. *Calderon's* rule is premised on the Court's conclusion that when a federal court is deciding whether to recall its mandate, "[i]n the absence of a strong showing of 'actual innocence,' the State's interests in actual finality outweigh the prisoner's interest in obtaining yet another opportunity for review." *Id.* at 557, 118 S.Ct. 1489 Finality, the Court noted, assures the State that it can "execute its moral judgment in a case." *Id.*

In this case, Wisconsin's interest in the finality of Speener's conviction is nonexistent—the State not only conceded the error in our April 7, 2003 order, but it also recommended that we reconsider that order and permit Speener to present his case on appeal. We conclude, therefore, that our order of June 29, 2004 was proper. The mandate in case number 02–4371 is recalled. We proceed here to resolve Speener's motion to expand his COA.

A petitioner may appeal the decision of a district court denying a writ of habeas corpus only when the petitioner has been issued a COA. 28 U.S.C. § 2253(c)(1). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court judgment relies on a procedural question, the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

■ Speener procedurally defaulted habeas corpus review of each of the seven claim proposed in his motion to expand the COA. Speener admits that he failed to properly present his first claim—counsel did not poll the jury—to the district court. A petitioner, like any other litigant, must present and argue his claims first to the district court; if he does not, he waives consideration by this court. *Rittenhouse v. Battles*, 263 F.3d 689, 694–95 (7th Cir. 2001); *Johnson v. McCaughtry*, 92 F.3d 585, 595 n. 19 (7th Cir.1996). Similarly,

Speener defaulted consideration of his second claim—counsel did not support Speener's claim of innocence with medical evidence or seek a medical examination of the victim—by failing to present it to the state courts. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Four more of Speener's claims—counsel did not object to false testimony and prosecutorial misconduct, interview state witnesses, introduce and produce defense witnesses, and effectively cross examine the victim's mother—were procedurally defaulted because the Wisconsin Court of Appeals refused to consider the claims on state collateral review because Speener should have raised them during his post conviction, pre-appeal proceedings. *State v. Escalona–Naranjo,* 185 Wis.2d 168, 517 N.W.2d 157 (1994). The state appellate court's actual reliance on a well-established procedural rule bars federal consideration of the constitutional claims. *Braun v. Powell,* 227 F.3d 908, 912 (7th Cir.2000) (citing *Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

The last claim Speener asks us to certify—post-conviction counsel did not allege that trial counsel was ineffective for not investigating welfare fraud by various state witnesses—was likewise procedurally defaulted based on an independent and adequate state law. The Wisconsin Court of Appeals denied relief because Speener had not adequately developed the claim. Failing to develop an argument or provide legal support for a claim is no less a bar in Wisconsin courts than it is in federal courts. As the district court correctly pointed out, "[t]he Wisconsin appellate courts routinely refuse to consider inadequately briefed arguments." *Speener v. Smith,* No. 00–C–0573, slip op. at 12 (E.D.Wis.2002) (citing *State v. Petit,* 171 Wis.2d 627, 492 N.W.2d 633, 642 (1992);

*State v. Shaffer,* 96 Wis.2d 531, 292 N.W.2d 370, 377–78 (1980)).

No reasonable jurist would debate the conclusion that Speener defaulted federal review of the claims in his motion to expand the COA. Accordingly, we DENY Speener's motion to expand. A separate order will issue setting forth a briefing schedule for the single issue certified for appeal by the district court.