In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1172

ALBERT WEST,

*Petitioner-Appellant*,

*v.*

DENISE SYMDON, Administrator,
Division of Community Corrections,
and JENNIFER DUFFY, Supervising Agent,

*Respondents-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 10-C-0157—**William E. Callahan, Jr.,** *Magistrate Judge.*

ARGUED JUNE 4, 2012—DECIDED AUGUST 2, 2012

Before KANNE, WOOD, and TINDER, *Circuit Judges.*

WOOD, *Circuit Judge.* Albert West filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his right to a speedy trial was violated by a 14-month delay. We conclude that the state court did not unreasonably apply federal law in finding that West was not

prejudiced by the delay and thus affirm the district court's decision denying West's petition.

## I

West was convicted by a jury of second degree sexual assault of a child in violation of Wis. Stat. § 948.02(2) and sentenced to three years' imprisonment followed by six years' extended supervision. On appeal, he argues only that his constitutional right to a speedy trial was violated by a 14-month delay between the filing of charges against him and the scheduled start of his trial. This delay prejudiced him, he contends, because his allegedly key alibi witness, Damien Robinson, died in the interim. The state court rejected his constitutional claim and summarily affirmed his conviction. West subsequently sought habeas corpus relief in the district court, which denied his petition.

Our evaluation of his request is structured by the highly deferential approach to the state court's judgment that is required by 28 U.S.C. § 2254. A federal court may grant a state prisoner's application for a writ of habeas corpus only when, as relevant here, the state court's adjudication on the merits of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). West contends that he is entitled to relief from the decision of the Wisconsin Court of Appeals rejecting his speedy trial claim. A decision "involves an unreasonable application" of clearly

established federal law "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone,* 535 U.S. 685, 694 (2002). An unreasonable application is more than merely incorrect; it "means something like lying well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

In this case, there is no doubt that the state court identified the correct line of Supreme Court decisions. We focus therefore on the question whether the Wisconsin Court of Appeals unreasonably applied the applicable law when it disposed of West's speedy trial claim. The Supreme Court has established a four-part balancing test to determine whether a defendant's constitutional right to a speedy trial has been violated: [1] "[l]ength of delay, [2] the reason for the delay, [3] the defendant's assertion of his right, and [4] prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). These are not factors that may be ticked off mechanically; instead, the Supreme Court has indicated that the *Barker* test involves a "difficult and sensitive balancing process." *Id*. at 533.

The state court found that the first three factors weighed in West's favor, but it concluded that his claim ultimately failed because the delay did not prejudice him. The district court was satisfied that the state court's analysis was not an unreasonable application of the Supreme Court's speedy trial jurisprudence. We review the district court's findings of fact for clear error

and its legal conclusions *de novo. Rittenhouse v. Battles*, 263 F.3d 689, 695 (7th Cir. 2001). Looking back to the state court decisions, we note that the Wisconsin Court of Appeals adopted West's appellate counsel's analysis of his speedy trial violation as its own. We therefore will treat counsel's report ("no-merit report") as the state court's opinion.

## II

### A

The chronology of events is critical to a proper evaluation of West's speedy trial claim. In 2004, West allegedly had sexual intercourse with his ex-girlfriend's 15-year old sister in his car at the Fond du Lac fair. This led to a criminal complaint filed by the State against West on June 15, 2005, charging one count of sexual assault of a child under 16 years of age in violation of Wis. Stat. § 948.02(2). The State issued a summons with the criminal complaint for a scheduled initial appearance on July 12, 2005. The summons was sent to a street address, but West was incarcerated at the time and was not made aware of its delivery. The court issued a warrant for his arrest when he failed to appear. He was later advised of the charge in September 2005 and asserted his right to a speedy trial on October 4, 2005, in a "Motion Requesting to Dismiss the Detainer." He stated in the motion that he could "no longer find his witness due to the long wait in prosecuting the above-entitled case, timely." The witness was not named.

West made his initial appearance in court on November 5, 2005, at which time the court scheduled a jury trial to begin on August 10, 2006. West's defense counsel requested that the trial date be postponed because of her vacation plans, and so it was rescheduled for September 18, 2006. In the meantime, it turned out that the mysterious alibi witness was one Damien Robinson, who had been killed on December 11, 2005. On September 12, 2006, West moved for dismissal on the ground that his right to a speedy trial was allegedly violated because Robinson died before the trial could take place. The court adjourned the trial and held a hearing on September 19, 2006, to consider whether trial should be delayed further because counsel needed to investigate whether Robinson would have been a useful alibi witness. At the end of the hearing, the court denied West's motion. The trial was rescheduled to begin on January 4, 2007. West filed a motion to adjourn to allow the filing of a Petition for Leave to Appeal the Trial Court's Order denying the dismissal. The court granted the extra time for filing the petition, but it later denied relief.

The trial was rescheduled to begin on May 22, 2007, but on May 16 the court granted West's motion for an adjournment and to allow his counsel to withdraw. The trial finally began on February 19, 2008, and the jury promptly convicted West the following day. West wanted to appeal his conviction, but his appointed appellate counsel filed a no-merit report under Wis. Stat. § 809.32(1) addressing the question whether West's constitutional right to a speedy trial had been violated.

Counsel concluded that no speedy trial violation had occurred.

## B

West's habeas corpus petition can succeed only if his Sixth Amendment right to a speedy trial was violated by the course of events we have just narrated. It is important in this connection to recall that this is a more flexible test than the statutory one that applies to federal defendants. The dispute between the parties is narrow: the state court found that the length of the delay, the reason for the delay, and the defendant's diligence in asserting his rights all tilted in West's favor, and we see nothing to criticize in those conclusions. There was a 14-month delay between the State's filing of its criminal complaint and the scheduled start of the trial. (We disregard later postponements, all of which appear to have been at West's or his counsel's request.) This delay exceeds the 12 months generally required for a delay to be "presumptively prejudicial," but just barely. *Doggett v. United States*, 505 U.S. 647, 652 & n.1 (1992) (requiring courts to consider "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim"). The state court also reasonably concluded that the period from the filing of the complaint (June 15, 2005) to West's initial appearance (November 5, 2005) weighs heavily in West's favor because the State should have known about his incarcerated status, but it failed to act on that information for no explicable reason. The second period

from the initial appearance to the first trial date (August 10, 2006) also weighs in West's favor, although less heavily because the delay was caused by "normal calendaring" in the court. Turning to the third factor, the state court found that West asserted his right to a speedy trial on October 4, 2005. West notes that the court failed to mention his second assertion of his right on September 12, 2006. The court appears to have neglected to mention the latter assertion, but any error in that connection is of no consequence because the court found that this factor favored West.

Thus, this case boils down to the fourth question: whether the delay prejudiced West. Prejudice is the most important of the four *Barker* factors. *Barker*, 407 U.S. at 532. The Supreme Court has identified three relevant interests underlying prejudice: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id*. The third interest is the most significant because the fairness of the proceedings is undermined by an inadequately prepared criminal defendant. *Id*. The state court appears to have focused exclusively on the third interest, without discussing the first two. Our own review of the record reveals that the first two interests do not help West. He was incarcerated for a separate offense during the delay, which as a practical matter means that he cannot claim that he suffered oppressive pretrial incarceration. Even though West's parole was revoked for the conduct underlying the offense, the revocation occurred in December 2004, before the time when he was charged

with the crime at issue. As for anxiety and concern, West admitted that he was not aware of the charge until several months after the State filed the complaint. Undoubtedly he experienced some emotional stress during the remaining delay, but it carries less weight when compared to the most important factor: impairment of defense.

The focal point of West's appeal centers on the question whether his defense was harmed because his alleged alibi witness, Damien Robinson, died during the delay. West argues that Robinson would have testified that West was not at the fair during the alleged sexual assault. The state court concluded that the trial court was justifiably suspicious of the witness. Trial counsel stated that she was not notified that there was an alibi witness for her client until September 1, 2006, even though she had been involved in the case since West's initial appearance. The court further concluded that the verdict would not have been different even if Robinson had testified. It emphasized that another witness, Kellie O'Laughlin, admitted at trial that she gave a false statement about West's whereabouts on the date of the offense to help his defense after learning that his alibi had died. Three witnesses—Dani Kofford, Zachery Martin, and Gerald Luchinski—testified that they saw West at the fair on the date of the offense. The state court concluded that it was "inconceivable that had Mr. Robinson been present and provided an alibi, that the jury would have found him to be credible." Perhaps this went too far. There is no evidence in the record concerning the relative credibility of the wit-

nesses, and so nothing but speculation could have led the state court to think that Robinson would have been an untrustworthy witness.

Even so, the record contains ample evidence supporting the state court's ultimate conclusion that West was not prejudiced by the delay here. Robinson did not die anywhere close to the "presumptively prejudicial" 12-month mark; rather, he passed away six months after the State filed its complaint. Had the trial started shortly thereafter, West would have been hard pressed to bring a successful speedy trial claim, because he would have been almost six months short of the 12-month *Barker* trigger. *Barker*, 407 U.S. at 532. Indeed, at the time West started complaining about his speedy trial rights, the remedy would not have been dismissal of the charges; it would have been the prompt scheduling of the trial. When one also considers the strength of the evidence the State presented to show that West was indeed at the fair and with the victim, we cannot find that the state court's conclusion on prejudice was unreasonable.

### III

Accordingly, we AFFIRM the district court's order denying West's habeas corpus petition.