In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1277

LORENZO WILSON,

Petitioner-Appellant,

v.

Kenneth R. Briley,/*

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division
No. 97 C 7335--George W. Lindberg, Judge.

Argued October 27, 2000--Decided March 5, 2001

   Before EASTERBROOK, KANNE, and ROVNER, Circuit
Judges.

   ROVNER, Circuit Judge.  In his petition for a
writ of habeas corpus, Lorenzo Wilson asserted
that the state court which sentenced him to a
term of life imprisonment for murder violated his
constitutional rights to trial by jury, due
process, and to be free from double jeopardy when
it found that he set out for the scene of the
crime with the intent to murder two men. The
district court dismissed the petition, finding
that Wilson procedurally defaulted this claim. We
agree and affirm.

I.

   Wilson shot two men to death in 1981. He
contended that he did so in self-defense, but the
State of Illinois tried him on multiple counts of
attempted murder, murder, and armed violence,
alleging that Wilson deliberately killed the men
because they had put out a "hit" on him. A jury
found him guilty of murder with respect to one of
his victims and voluntary manslaughter with
respect to the other. At sentencing, the trial
judge found that Wilson had "deliberately" set
out to kill both men. That finding increased the
maximum prison term on the murder conviction from
forty years to life. See Ill. Rev. Stat. ch. 38,
para. 1005-8-1(a)(1)(a), (b) (1981), now codified

at 730 ILCS 5/5-8-1(a)(1)(a), (b). The judge ordered Wilson to serve consecutive terms of natural life on the murder conviction and fourteen years on the voluntary manslaughter conviction. The Illinois Appellate Court reduced the term for manslaughter to seven years, but otherwise affirmed Wilson's convictions and sentence. People v. Wilson, 485 N.E.2d 1264 (Ill. App. 1985). The Illinois Supreme Court denied him leave to appeal. Wilson later sought post-conviction relief, but his petition was denied without an evidentiary hearing.

II.

A habeas petitioner may not resort to federal court without first giving the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude. 28 U.S.C. sec. 2254(b), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45, 119 S. Ct. 1728, 1732 (1999). To satisfy that requirement, he must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he will forfeit federal review of the claim. Rodriguez v. Scillia, 193 F.3d 913, 916 (7th Cir. 1999); Bocian v. Godinez, 101 F.3d 465, 469 (7th Cir. 1996). In the absence of a state rule that specifically governs the presentment of a constitutional claim, four factors (derived from a waiver analysis) bear upon whether the petitioner has fairly presented the claim in state court: (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. Sullivan v. Fairman, 731 F.2d 450, 454 (7th Cir. 1984), citing Daye v. Attorney General of New York, 696 F.2d 186, 194 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048, 104 S. Ct. 723 (1984); see also, e.g., Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998); Moleterno v. Nelson, 114 F.3d 629, 634 (7th Cir. 1997); Verdin v. O'Leary, 972 F.2d 1467, 1473-74 (7th Cir. 1992).

If none of the four factors is present and the state has not otherwise signaled its satisfaction with the presentment of the federal claim, "then this court will not consider the state courts to have had a fair opportunity to consider the claim." See Verdin, 972 F.2d at 1474. On the other hand, "the presence of any one of these factors, particularly (1) and (2), does not

automatically avoid a waiver." Id.

Moleterno, 114 F.3d at 634 (emphasis in original).

Consideration of these factors leads us to conclude that Wilson did not fairly present the substance of his federal claim to the state courts. In his brief to the Illinois Appellate Court, Wilson did not cite any federal cases in challenging his sentence. He relied exclusively upon Illinois cases, none of which employed a federal constitutional analysis. Nor did Wilson frame his claim in terms so particular as to call to mind any of the three constitutional rights he relies upon now. Wilson argues simply that his claim, as articulated to the state appellate court, alleged a pattern of facts that falls within the mainstream of constitutional litigation. But Wilson's argument, which acknowledged the "sound discretion" of the sentencing court, was cast in terms of a challenge to the court's reliance upon "improper factors." R. 36 Ex. A at 37. At its most specific, the argument contended that the "trial court erred" when it "contradicted the verdict of the jury" by finding that Wilson had deliberately set out to kill two individuals. Id. at 38. The facts cited in this argument are certainly consistent with the federal claim that Wilson makes in his habeas petition, but that alone does not enable us to say that the claim, as asserted in state court, falls within the mainstream of constitutional litigation--if it were, the fair presentment requirement would be meaningless. See Verdin, 972 F.2d at 1475. A given set of facts can be said to fit within the mainstream of constitutional litigation only when the fact pattern is so "commonly thought to involve constitutional constraints," id. at 1475 (quoting Daye, 696 F.2d at 193), that the constitutional basis of the claim is undeniably "obvious," id. By no stretch of the imagination is that the case here. Reduced to its essentials, the claim Wilson made to the Illinois appellate court was that the sentencing judge abused his discretion. "Abuse of discretion" and "improper factors" are not terms that Illinois lawyers and judges, by quirk of local legal idiom, use to articulate constitutional arguments. See id. at 1473, quoting Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989), cert. denied, 507 U.S. 963, 113 S. Ct. 1392 (1993). To the contrary, abuse-of-discretion arguments are ubiquitous, and most often they have little or nothing to do with constitutional safeguards. The particular facts that Wilson cited in support of his claim certainly do not have such a patent connection to the constitutional provisions he cites in his habeas petition that the state court should have

been alerted to the federal basis for the claim. Indeed, the fact that Wilson relied upon state cases which engaged in a non-constitutional analysis based solely on state law principles belies the notion that the Illinois appellate court should have understood that Wilson was invoking his rights under the U.S. constitution. See Anderson v. Harless, 459 U.S. 4, 7 & n.3, 103 S. Ct. 276, 277-78 & n.3 (1982); Picard v. Connor, 404 U.S. 270, 276-78, 92 S. Ct. 509, 513 (1971); Verdin, 972 F.2d at 1475-76.

Wilson's petition for leave to appeal to the Illinois Supreme Court framed his claim with a greater degree of particularity. See R. 36 Ex. B at 11-12. Yet, even if we assume that the petition was sufficient to alert the State's highest court to the constitutional nature of his claim, it was too late to preserve the claim for habeas review. Presenting a federal claim for the first time in a petition for discretionary review by a state's highest court will not satisfy the fair presentment requirement. Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir. 1996); Verdin, 972 F.2d at 1479 n.13.

Because Wilson did not alert the Illinois courts to the constitutional nature of his claim, we will not entertain the merits of the claim. A procedural default can be overlooked when the petitioner demonstrates cause for the default and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears his claim. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991); see also, e.g., Anderson v. Cowan, 227 F.3d 893, 899-90 (7th Cir. 2000). Wilson has not attempted to make either type of showing, however.

III.

Because Wilson did not fairly present his constitutional claim to the Illinois state courts, the district court properly dismissed his habeas corpus petition.

AFFIRMED

/* Kenneth R. Briley has replaced James H. Page as the warden of the correctional facility where the petitioner-appellant is incarcerated. We have therefore substituted Warden Briley as the appropriate respondent-appellee pursuant to Fed. R. App. P. 43(c)(2).