**Hezekiah WHITFIELD, Petitioner–Appellant,**

**v.**

**Jerry STERNES, Respondent–Appellee.**

**No. 02–1698.**

United States Court of Appeals, Seventh Circuit.

Submitted April 8, 2003.*

Decided April 8, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

## ORDER

Hezekiah Whitfield was convicted in state court of robbing the Walker Brothers' Pancake House in Wilmette, Illinois. After the appellate court affirmed his conviction, Whitfield filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the admission at trial of evidence that he committed another robbery had deprived him of his due process right to a fair trial. The district court dismissed the petition because Whitfield had procedurally defaulted his claims. We affirm.

After closing time on January 5, 1995, a robber armed with a handgun confronted Dave Meyers, manager of the Pancake House, who was alone in the restaurant. The robber ordered Meyers to empty the safe and then left the premises with cash removed from the safe. A couple of weeks later, during the subsequent police investigation, the Wilmette police showed Meyers a photo display, and he picked out Whitfield's photo. By this time, Whitfield was already in custody for another armed robbery on January 8 at the Roxy Café in Evanston, only a few miles away from the Pancake House. The Evanston police placed Whitfield in a line up, and, after viewing the line up, Meyers again identified Whitfield as the robber.

The Roxy Café robbery was strikingly similar to the Pancake House robbery. Not only were the robberies proximate in date and location, but each had been committed by a gunman who wore a stocking over his face and seemed familiar with each establishment's closing time and layout. Moreover, Whitfield had previously worked at both restaurants.

Before Whitfield's trial for the Pancake House robbery, the defense had filed a motion *in limine* to exclude testimony and a mug shot related to the robbery at the Roxy Café. Because of the similarities

between the two crimes, the trial court admitted the evidence for the limited purpose of demonstrating that Whitfield used the same *modus operandi* for both robberies. The jury found Whitfield guilty of the Pancake House robbery, and he was sentenced to thirty years' imprisonment.

Whitfield appealed but his attorney filed a motion to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The appellate court granted the *Anders* motion and affirmed Whitfield's conviction. The Supreme Court of Illinois denied his subsequent petition for leave to appeal.

Whitfeld then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the trial court had violated his due process right to a fundamentally fair trial when it admitted evidence relating to the Roxy Café robbery and the photo mug shot from his previous arrest. Although the state did not raise procedural default as a possible defense, the district court addressed it *sua sponte.* The court observed that Whitfield's filings in state court relied exclusively on Illinois law and concluded that Whitfield had procedurally defaulted his federal constitutional claims because he had not fairly presented them to the Illinois courts.

■ On appeal Whitfield argues that he did fairly present his claims to the state courts by mentioning his "due process right to a fair trial" in the subheadings of his filings. A petitioner fulfills the requirement of fair presentment only if he alerts the state courts to the federal constitutional nature of his claims; in the interest of federal-state comity, the state courts must have the first opportunity to consider any potential constitutional challenges. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hough v. Anderson,* 272 F.3d 878, 892 (7th Cir.2001). When determining

whether a petitioner sufficiently alerted the state court to his federal claims, we begin with the four factors articulated in *Verdin v. O'Leary,* 972 F.2d 1467, 1473–74 (7th Cir.1992). A petitioner fairly presents his federal claims if, at a minimum, his filings in state court 1) relied on federal cases; 2) relied on state cases employing a federal constitutional analysis; 3) invoked a specific constitutional provision or asserted the claim in unmistakably constitutional terms; or 4) presented operative facts that fall "well within the mainstream of constitutional litigation." *Rittenhouse v. Battles,* 263 F.3d 689, 696 (7th Cir.2001) (internal quotation omitted); *Verdin,* 972 F.2d at 1473–74. Each case must be considered on an individual basis; we do not immediately conclude that a petitioner has fairly presented his claims if we find that his filings in state court fulfilled any one of these four conditions. *Moleterno v. Nelson,* 114 F.3d 629, 634 (7th Cir.1997). But if a petitioner's filings in state court meet none of these conditions, then we conclude that he did not fairly present his claims. *Id.*

Whitfield plainly failed to fulfill three of the four factors listed in *Verdin.* He did not fulfill the first factor because his filings in state court relied exclusively on state evidentiary law and cited no federal cases; he did not fulfill the second because none of the Illinois cases he cited engaged in a federal constitutional analysis. With respect to the fourth factor, the facts upon which Whitfield bases his due process claims do not fall within "the mainstream of constitutional litigation." Whitfield's claims challenge the trial court's evidentiary rulings, but erroneous evidentiary rulings are rarely subject to a constitutional analysis and are hardly ever an appropriate basis for relief under § 2254. *See Anderson v. Sternes,* 243 F.3d 1049, 1053 (7th Cir.2001).

■ It also is not apparent that Whitfield's filings in state court satisfied the third factor by specifically invoking the Constitution or framing his claims in constitutional terms. Although Whitfield nowhere cites the Fourteenth Amendment or another constitutional provision, the section headings in his state filings characterize his claim as based on "due process" and his "right to a fair trial," and both these phrases figure prominently in constitutional law. But scattered references to "due process" and "right to a fair trial" without any supporting constitutional analysis are insufficient to satisfy the requirement of fair presentment. *See Moleterno,* 114 F.3d at 635. The petitioner must do more than "phrase-drop" constitutional terms; he must go "beyond the due process label to a more meaningful level of specificity." *Chambers v. McCaughtry,* 264 F.3d 732, 739 (7th Cir.2001).

The subheadings of Whitfield's filings in state court mentioned "due process" and the "right to a fair trial." Whitfield, however, did not address these concepts in the text that followed the subheadings. Instead, Whitfield contended that the trial court abused its discretion by making erroneous evidentiary rulings in violation of Illinois law. But "abuse of discretion" is "not a term that Illinois lawyers and judges, by quirk of local legal idiom, use to articulate constitutional arguments." *Wilson v. Briley,* 243 F.3d 325, 328 (7th Cir. 2001).

■ Whitfield procedurally defaulted his claims because he did not fairly present them to the Illinois courts. Nonetheless, he argues that the state, by failing to raise the issue in its response to Whitfield's petition, waived any argument that he procedurally defaulted his claims. Accordingly, Whitfield submits, the district court should. not have asked in the first place whether the claims had been fairly pre-

sented. A district court, however, may consider *sua sponte* a defense based on procedural default as long as the state has not decided, implicitly or explicitly, to forego that defense. *See Kurzawa v. Jordan,* 146 F.3d 435, 440 (7th Cir.1998); *Henderson v. Thieret,* 859 F.2d 492, 498 (7th Cir.1988). In *Henderson,* for instance, we found that, by raising a defense of procedural default for some claims but not others, the state had decidedly waived the defense for certain claims. 859 F.2d at 497–98. But nothing in the record suggests that the state here waived any defense based on procedural default. Thus it was within the court's discretion to consider whether Whitfield had procedurally defaulted his claims by failing to fairly present them to the state courts.

A petitioner can overcome procedural default only if he had cause for the default and suffered prejudice as a result, or if failing to address his claims would result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir.2002). Whitfield does not make an argument based on either cause and prejudice or fundamental miscarriage of justice, and so we will not analyze the merits of his claims. We do note, however, that Whitfield's claims almost certainly would have failed even if he had fairly presented them. Whitfield argues that the court deprived him of a "fundamentally fair trial," but he bases his claims on the trial court's evidentiary rulings, and erroneous evidentiary rulings deprive a petitioner of a fundamentally fair trial only if they likely resulted in the conviction of someone who is innocent. *Anderson,* 243 F.3d at 1054; *Dressler v. McCaughtry,* 238 F.3d 908, 914 (7th Cir. 2001). This is a demanding standard, and we highly doubt that Whitfield could meet it. Whitfield's conviction was supported

by considerable evidence– including Meyers' eyewitness testimony, that had nothing to do with the Roxy Café robbery.

Whitfield did raise one argument in his petition that the district court did not address, and this claim therefore might not be procedurally defaulted. Whitfield argues that he was denied his right to counsel on appeal because, after granting his attorney's motion to withdraw under *Anders*, the appellate court considered his case on the merits and affirmed his conviction. Under *Anders*, Whitfield argues, the appellate court–before affirming his conviction– should have either dismissed his appeal or appointed counsel to fully brief and argue his issues. But *Anders* permits courts to either dismiss the appeal or affirm the judgment after a review of the record reveals that an appeal would be frivolous. 386 U.S. at 744. The appellate court here plainly stated that it had thoroughly reviewed the record and found no nonfrivolous bases for appeal. The apparent practice in Illinois is to affirm the judgment after making such a finding, and that is what the appellate court did. *See Wilkinson v. Cowan*, 231 F.3d 347, 351 (7th Cir.2000). Thus the appellate court violated neither *Anders* nor Whitfield's right to counsel.

AFFIRMED