In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-3922

BRAD LIEBERMAN,

*Petitioner-Appellant,*

*v.*

BRIAN THOMAS, Director,[1]

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 2531—**Wayne R. Andersen**, *Judge.*

———————

ARGUED MAY 2, 2007—DECIDED OCTOBER 10, 2007

———————

Before EVANS, WILLIAMS, and SYKES, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* After he served a twenty-year prison sentence for multiple rape convictions, Brad Lieberman was legally determined to be a sexually violent person and was civilly committed to the custody of the Illinois Department of Human Services. To say that Lieberman challenged the State of Illinois' petition to have him civilly committed would be an understatement. Since

———————

[1] After this appeal was filed, Brian Thomas replaced Thomas Monahan as the director of the facility where the petitioner is being held. We have therefore substituted Brian Thomas as the respondent. *See* Fed. R. App. P. 43(c).

2000, Lieberman has simultaneously sought relief in the courts of no less than three Illinois counties and in one federal district court.

Lieberman's effort to obtain federal habeas relief is at issue in this appeal. Lieberman contends that after the State moved to have him committed, he was denied a probable cause hearing in the time required by Illinois law, and as a result, his Fourteenth Amendment right to due process was violated. Lieberman, however, did not give the state courts the opportunity to review this question because he failed to fairly present the federal nature of his claim for state habeas relief. Therefore, like the district court, we find that Lieberman procedurally defaulted his claim, which precludes us from reaching the merits. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). We further note that the merits of the petition would not entitle Lieberman to habeas relief because he fails to establish how the state court's adjudication of his case resulted in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent, or based on an unreasonable determination of the facts. *See* 28 U.S.C. §§ 2254(d)(1) & (2). For these reasons, we affirm the judgment of the district court.

## I.  BACKGROUND

### A.  State Court Proceedings

In 1980, Lieberman was convicted in Cook County, Illinois, of six counts of rape and one count of attempted rape, and sentenced to a number of concurrent prison terms, the longest consisting of forty years. That same year in Lake County, Illinois, Lieberman was also convicted of rape, robbery, and intimidation and sentenced to a thirty-year prison term to run concurrently with his Cook County sentences. After serving twenty years of his

sentence, Lieberman was scheduled for release on January 9, 2000. Before that day's arrival, the Illinois Attorney General filed a petition to civilly commit Lieberman under the Illinois Sexually Violent Persons Commitment Act. *See* 725 Ill. Comp. Stat. § 207 *et seq*. This statute allows the court to civilly commit an individual who has been convicted of a sexually violent offense and is dangerous because the person suffers from a mental disorder that makes it substantially likely he will commit further acts of sexual violence. *Id*. §§ 207/5(f) & 207/40(a). If the State seeks to commit a person already in custody, the statute requires a trial court to hold a hearing within seventy-two hours of the State's filing to "determine whether there is probable cause to believe that the person named in the petition is a sexually violent person." *Id*. § 207/30(b). If, after the hearing, the trial court finds that probable cause exists, it must hold a trial within 120 days. *Id*. § 207/35(a). A person found by the trial court or a jury to be sexually violent will be committed to the custody of the Illinois Department of Human Services. *Id*. § 207/40.

On January 6, 2000, one day after the State filed its petition, a Cook County trial judge ordered Lieberman detained pending the outcome of his hearing, which it set for Monday, January 10, 2000. *See id*. § 207/30(a) (permitting a trial judge to order the person named in the petition detained "if there is cause to believe that the person is eligible for commitment" until the individual is discharged after a trial or ordered committed). On the date of the scheduled probable cause hearing, however, Lieberman moved to dismiss the State's petition, arguing that rape was not a predicate sexually violent offense under the civil commitment statute. As a result, no probable cause hearing was held. The court continued the matter to February 1, 2000, to render its ruling on Lieberman's motion to dismiss. Lieberman's counsel requested

that the probable cause hearing not be held on that date because in the event the court denied the motion to dismiss, he intended to file an interlocutory appeal, which could ultimately resolve the case on the merits.

Upon concluding that rape was incorporated into the offense of criminal sexual assault, the court orally denied Lieberman's motion on February 1. As promised, Lieberman responded by filing an interlocutory appeal, and an Illinois appellate court reversed the trial judge's ruling. *See In re Det. of Lieberman*, 745 N.E.2d 699 (Ill. App. Ct. 2001). The Illinois Supreme Court later overturned that decision, concluding that the state legislature intended to include the offense of rape within the statute's definition of "sexually violent offense." *See In re Det. of Lieberman*, 776 N.E.2d 218, 230 (Ill. 2002).

Lieberman's appeal of the Cook County trial court's ruling coincided with his efforts to obtain habeas relief through the court in LaSalle County, Illinois, the location of his detention facility. There, on January 5, 2001, Lieberman filed a habeas petition challenging the validity of his order of detention on the basis that no probable cause hearing had been conducted within the seventy-two-hour time frame required by statute.[2] The following month, the trial court disagreed with Lieberman's contention that he was being held pursuant to an invalid detention order and denied his petition after finding that habeas

---

[2] Lieberman presented this argument as a secondary basis for habeas relief. He had maintained in an earlier filing that he was entitled to habeas relief because he was being detained as a result of the Illinois Supreme Court's decision in *Lane v. Sklodowski*, 97 Ill.2d 311 (1983), which, according to Lieberman, violated the ex post facto clauses of the federal and state constitutions. Lieberman's argument on this ground proved unsuccessful, and he ultimately abandoned it in federal court.

relief was not available to a petitioner like Lieberman who was serving a mandatory term of supervised release. *See* R. 78, Ex. D. Lieberman appealed and argued that he was being held under an invalid order of detention, citing the civil commitment statute's language that a probable cause hearing was to be held within seventy-two hours of the State's filing of its petition. On June 4, 2002, the appellate court affirmed the trial court's denial of habeas relief and concluded that the statute required Lieberman's temporary order of detention to remain in effect until he was either discharged or committed. *See* R. 78, Ex. F at 11. The court also noted that Lieberman's then-pending interlocutory appeal would likely resolve the issue of whether he was a sexually violent person; there-fore, the court considered it reasonable for the Cook County trial court to let that appeal proceed before hold-ing a probable cause hearing. *Id*. at 10. Lieberman peti-tioned for leave to appeal to the Illinois Supreme Court contending in part that the trial court's failure to con-duct a probable cause hearing violated the statute and his right to due process as guaranteed by the federal and state constitutions; however, his petition was denied on October 24, 2002.[3] *See* R. 79, Ex. L.

Lieberman's probable cause hearing finally occurred on November 30, 2004, almost five years after the State sought to have him committed. A Cook County trial judge determined that probable cause existed to find that Lieberman was a sexually violent person as defined by the

---

[3] During Lieberman's appeal of the LaSalle County proceedings, Lieberman also filed a host of motions and petitions in the courts of Cook and Will Counties as well as with the Illinois Supreme Court in which he challenged his order of detention. These courts either denied relief or dismissed his various pleadings; Lieberman did not appeal or collaterally attack these rulings.

statute, and a two-week trial followed. A jury then found that Lieberman qualified as a sexually violent person, and on April 26, 2006, he was committed to the custody of the Illinois Department of Human Services. Lieberman has appealed that verdict to the Illinois appellate court.

## B.  Federal Court Proceedings

The lengthy procedural history in this case would be incomplete without an account of Lieberman's attempts to obtain habeas relief in federal court. After Lieberman moved to appeal the denial of his motion to dismiss by the Cook County trial court, he filed his first federal habeas petition in the Northern District of Illinois on April 20, 2000. In that petition, Lieberman argued that a decision by the Illinois Supreme Court violated the ex post facto clauses of the federal and state constitutions by retroactively canceling the availability of his good-time credits. *See supra* n.2. Lieberman later amended his petition to include the argument that the delay of his probable cause hearing violated his Fourteenth Amendment right to due process. Upon reviewing the amended petition, the district court considered the merits of Lieberman's due process claim and dismissed his other claims as unexhausted. *See Lieberman v. Budz*, No. 00 C 2531, 2002 WL 1888396, at *7 (N.D. Ill. Aug. 16, 2002). The court denied the petition based on its determination that the issue of the delayed probable cause hearing concerned a matter of state law and, therefore, was not cognizable on federal habeas review. *Id.* Lieberman appealed to this court, and we reversed with instructions that the district court stay Lieberman's petition pending the exhaustion of his other claims in state court.

After we remanded his case, Lieberman voluntarily dismissed his unexhausted claims and filed a second amended habeas petition, which consisted of the claim

that the State had violated his Fourteenth Amendment right to due process by denying him a probable cause hearing as required by the statute. The district court again denied the petition, but this time it found that Lieberman failed to fairly present his federal due process claim to the state courts and, therefore, had procedurally defaulted this claim. *See Lieberman v. Budz*, No. 00 C 2531, 2005 WL 1311200, at \*4 (N.D. Ill. Apr. 28, 2005). The district court alternatively considered the merits of Lieberman's petition and concluded that the state trial court's failure to hold a probable cause hearing within seventy-two hours did not amount to a due process violation, especially when it considered Lieberman's efforts to dismiss the petition as preventing the hearing from being timely held. *Id.* at \*6. Lieberman requested a certificate of appealability, which the district court granted on the issue of whether Lieberman procedurally defaulted his claim that his federal right to due process was violated when no probable cause hearing was held within seventy-two hours.

## II.  ANALYSIS

### A.  Lieberman's due process claim is procedurally defaulted.

A petitioner is generally required to exhaust all of his available state court remedies before seeking a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). This so-called exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights. *Picard*, 404 U.S. at 275; *Perruquet*, 390 F.3d at 513. The petitioner is therefore required to first "present the state courts with the same claim he urges upon the federal courts." *Picard*, 404 U.S.

at 275-76. If the petitioner fails to do so and the opportunity to raise that claim in state court has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition. *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004); *Perruquet*, 390 F.3d at 514. We review de novo the district court's determination that Lieberman procedurally defaulted his due process claim by not fairly presenting this argument to the state courts. *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002).

One consideration in our fair presentment inquiry is whether Lieberman's state habeas petition cited either federal cases that employed constitutional analysis or state cases that applied a constitutional analysis to a set of similar facts. *See Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001). However, the habeas petitioner is not limited to presenting his federal claim to the state courts by citing "book and verse" of the Constitution, *see Picard*, 404 U.S. at 278; rather, our analysis focuses on whether the petitioner has offered the operative facts and controlling legal principles of his claim to the state courts, *Anderson v. Benik,* 471 F.3d 811, 814 (7th Cir. 2006); *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). So we must also inquire into whether the petitioner has framed his claim in the state proceedings in a way that brings to mind a specific constitutional right, and whether he has alleged a set of facts "well within the mainstream of constitutional litigation." *Wilson*, 243 F.3d at 327. In short, we assess whether the petitioner alerted the state court to the federal nature of his claim in a manner sufficient to allow that court to address the issue on a federal basis. *Verdin*, 972 F.2d at 1476.

In federal district court, Lieberman sought habeas relief on the ground that his right to procedural due process as guaranteed by the Fourteenth Amendment

was violated when a Cook County trial court failed to hold a probable cause hearing within seventy-two hours of the State's filing of its civil commitment petition. When seeking relief in the state trial court, Lieberman, acting pro se, did not phrase his habeas petition in these terms; instead, he laid claim to an "absolute statutory and Constitutional right" to a timely probable cause hearing by citing to the language of § 207/30(b) of Illinois' commitment statute, which provides in part, "[i]f the person named in the petition is in custody, the court shall hold the probable cause hearing within 72 hours . . . ." *See* R. 78, Ex. B at 1. Because no probable cause hearing had been held within the seventy-two-hour time frame, Lieberman argued, "[t]he statute has been violated and [he] is entitled to immediate discharge under the Illinois Habeas Corpus Act." *Id.* at 3. Lieberman did not rely on any federal or state cases that applied a federal constitutional analysis to a set of similar facts, *see Wilson*, 243 F.3d at 327; instead, he referred only to state court decisions to support his proposition that the Cook County trial judge was not permitted to apply the statute in a manner inconsistent with its express terms. Although a petitioner's failure to cite federal constitutional cases in and of itself is not fatal to a finding of fair presentment, after reviewing the substance of Lieberman's petition we are not convinced that he sufficiently alerted the state trial courts to the presence of a federal issue.

To begin, we do not view the fact pattern set out in Lieberman's state petition as falling "within the mainstream of constitutional litigation." *Id.* "A given set of facts can be said to fit within the mainstream of constitutional litigation only when the fact pattern is so commonly thought to involve constitutional constraints . . . that the constitutional basis of the claim is undeniably obvious . . . ." *Id.* at 328 (internal quotations and citations omitted). In applying this standard, we are cognizant

of the "special danger that a claim in state court may well present the echo of a federal claim while still not alerting the state court to the federal nature of the claim." *Verdin*, 972 F.2d at 1475 (internal quotations and citation omitted). We find this to be the case with Lieberman's petition. While we are well aware that the civil commitment of an individual amounts to a deprivation of liberty that requires the protections of federal due process, *see Addington v. Texas*, 441 U.S. 418, 425 (1979), we are not convinced that Lieberman's allegations, made "without federal citation or other conspicuous federal emblemata," fall within the mainstream of constitutional litigation, *see Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989); *see also Verdin*, 972 F.2d at 1475.

At its core, Lieberman's state petition complained that because a state trial court failed to follow a state law procedure, his order of detention was rendered invalid. In support, he cited the language of the applicable statute and relied on theories of statutory interpretation. Nonetheless, Lieberman maintains that his claim was crafted in a way that called to mind his federal procedural due process rights. *See Wilson*, 243 F.3d at 327. In particular, Lieberman focuses on the petition's assertion that he had an "absolute . . . Constitutional right" to a timely probable cause hearing and that he was being held without a hearing. Because the state court was confronted with a pro se pleading, Lieberman's petition was entitled to a more liberal construction than formal pleadings drafted by lawyers. *See People v. Smith*, 645 N.E.2d 313, 318 (Ill. App. Ct. 1994). Even so, we do not believe that Lieberman's single and undeveloped use of the term "constitutional," when balanced against the petition's heavy emphasis on the statute's language, called to the reviewing state trial judge's attention a potential violation of Lieberman's Fourteenth Amendment right to due process. *Cf. Riggins v. McGinnis,* 50 F.3d 492, 494 (7th Cir.

1995) (scattering the words "due process" in a brief without setting out why the conviction violates that clause is insufficient for purposes of fair presentment).

Because Lieberman's petition faltered at the state court level, he procedurally defaulted his federal due process claim, which he was required to fairly present at each level of state court review. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Therefore, it is unnecessary for us to analyze the sufficiency of his briefing to the state appellate court or his petition for leave to appeal to the Illinois Supreme Court.

## B.  Lieberman's habeas petition fails on the merits.

Although Lieberman presents us with no equitable exceptions to our finding of procedural default, such as cause for the default and resulting prejudice, *see Perruquet*, 390 F.3d at 514, we take a moment to explain that even if Lieberman had adequately informed the state courts of the federal basis of his petition, he still would not be entitled to habeas relief.

To obtain such an extraordinary form of relief, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), requires Lieberman to establish that the state court produced a decision that was contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts considering the evidence before it. 28 U.S.C. § 2254(d)(1) & (2). The last state court to rule on the merits of Lieberman's petition, the Illinois appellate court, produced the relevant decision for assessment under AEDPA. *See Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006).

In Lieberman's second amended federal habeas petition, he makes no attempt to meet his burden under AEDPA by pointing out alleged errors in the state appellate court's decision that would entitle him to relief. Instead, Lieberman uses his petition to repeat his argument that he was denied his constitutional right to due process when the trial court did not hold a probable cause hearing within seventy-two hours. Nowhere in the petition does Lieberman demonstrate how the state appellate court's opinion conflicts with, or unreasonably applied, relevant Supreme Court precedent, nor does he show how the court's decision rested on unreasonable factual determinations, as required by AEDPA. Rather, he claims that the district court's earlier denial of his first amended petition for habeas relief was erroneous under Illinois Supreme Court Rule 308(e), which relates to the circumstances by which a party's request for an appeal will stay proceedings in the trial court. *See* R. 72 at 8. Lieberman cannot win under this theory either so his petition for habeas relief cannot be granted.

## III.  CONCLUSION

The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*