**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 5, 2007
Decided February 12, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3465

| | |
|---|---|
| WILLIAM L. HUMBLES,<br>   *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
|   *v.* | No. 05 C 574 |
| EDWARD G. BUSS,<br>   *Respondent-Appellee.* | Allen Sharp, *Judge*. |

## ORDER

Following a jury trial in Indiana state court, William L. Humbles was convicted of attempted murder, aggravated battery, and battery. Because he was also a habitual defender under Indiana law, Humbles was sentenced to a term of 30 years.

Humbles' conviction was affirmed on direct appeal by the Indiana Court of Appeals (see Humbles v. State, 736 N.E.2d 352 (Ind. Ct. App. 2000)), and his petition for transfer to the Indiana Supreme Court was denied. Later, Humbles filed a petition for postconviction relief, which was also denied. The trial court's denial of Humbles' postconviction petition was affirmed on appeal in an unpublished decision by the Indiana Court of Appeals in May of 2005. Again, the Indiana Supreme Court declined to accept Humbles' petition for transfer.

Having exhausted his state remedies, Humbles filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Indiana. The petition was denied, and Humbles now appeals that decision.

When considering a petition for federal collateral relief, courts must presume that the facts, as found by the state courts, are correct, 28 U.S.C. § 2254(e)(1); Lindh v. Murphy, 96 F.3d 856 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). And this Humbles has not done. So we accept the facts as set forth by the Indiana Court of Appeals on direct appeal. Those facts, which paint a picture of a New Year's Eve celebration that turned violent, are that Humbles and the victim, Titus Larkin, had known each other since childhood. Several years earlier they participated in a robbery together, and both men received criminal convictions. Apparently, Humbles blamed Larkin for spilling the beans to the police about Humbles' involvement in the robbery. And ever since then, Humbles has harbored a grudge against Larkin.

Larkin was attending a 1998 New Year's Eve party at his cousin's house in South Bend, Indiana. At approximately 2:30 a.m. on New Year's Day, Larkin walked (or perhaps carried, as she was drunk) his girlfriend to a vehicle parked outside. According to the court of appeals, Humbles and two other men were sitting across the street in another vehicle. When Larkin was outside, Humbles summoned him. Larkin approached the driver's side window and Humbles accused Larkin of telling the police about Humbles' involvement in the robbery. When Larkin looked into the vehicle, he saw a black automatic weapon on the seat between Humbles' legs. Fearing that Humbles was going to shoot him, Larkin ran. Humbles fired three shots at Larkin, two of which missed. One, however, struck Larkin in the right buttock and exited through his groin. Larkin's left testicle was severely damaged and had to be removed.

On his direct appeal, Humbles claimed that the trial court improperly instructed the jury and that the state presented insufficient evidence to sustain his conviction for attempted murder. In his state postconviction petition, Humbles claimed that his trial counsel rendered ineffective assistance. He pointed to three errors: (1) counsel failed to conduct an adequate investigation into the facts of a prior false informing charge against Larkin; (2) counsel failed to object to statements made by the prosecutor in closing arguments; and (3) counsel failed to object to the admission of a photographic array and references to it in testimony. Humbles also alleged that the prosecutor committed a Brady violation by withholding evidence pertaining to Larkin's prior false informing charge.

In his petition for federal habeas relief, Humbles reasserted his three claims of ineffective assistance of trial counsel and his Brady claim. Now, on this appeal, Humbles also raises his challenge to a jury instruction that was rejected on direct appeal. He also adds a new alleged error committed by his trial counsel--that counsel told the jury during his opening statement that Humbles would testify but, as it later turned out, he declined to take the stand.

Humbles' claims bump up against principles of habeas law which greatly limit the scope of the writ. We cannot consider the merits of a petition for habeas corpus unless the state courts have first had a full and fair opportunity to review the claims. In other words, a petitioner must have fully exhausted his remedies in state court before turning to the federal courts for relief. If a petitioner fails to present a specific claim to the state court, it is defaulted. Farrell v. Lane, 939 F.2d 409 (7th Cir. 1991). A procedural default also occurs when a state court disposes of a claim on an independent and adequate state law ground. Coleman v. Thompson, 501 U.S. 722 (1991). When a petitioner presents a defaulted claim for federal habeas review, we may consider the claim only if he can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice.

In addition, federal courts "shall not" grant the writ on any claim that was, in fact, considered on the merits in the state court, unless the state court decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 376 (2000).

What that means and the extent of the hurdles it presents to a petitioner is becoming clearer and clearer. Recently in Calloway v. Montgomery, 2008 WL 114891 (7th Cir. Jan. 14, 2008), we discussed the scope of "clearly established law," concluding that it had not much scope at all. See Carey v. Musladin, 127 S. Ct. 649 (2006). The Court has recently reemphasized that a state court's application of clearly established law is acceptable, even if it is likely incorrect, so long as it is reasonable. Wright v. Van Patten, ___ S. Ct. ___, 2008 WL 59980.

With these principles in mind, we turn to Humbles' claims that he received ineffective assistance of counsel. The state court properly used the test set out in Strickland v. Washington, 466 U.S. 668 (1984), to evaluate the claim of ineffective assistance. It considered whether counsel's performance was deficient and whether that deficiency prejudiced Mr. Humbles.

Humbles contends that his counsel was ineffective for failing to investigate a prior charge against Larkin for false informing. The charge arose out of Larkin's accusing someone else of shooting him in a previous incident. Humbles' theory is that with this information, counsel could have cast doubt on Larkin's credibility when he testified that Humbles shot him after the 1998 New Year's Eve party.

As to this claim, the Indiana Court of Appeals first pointed out that counsel did ask Larkin, "Do you have a prior conviction for false informing?" Larkin said he did, even though he had not actually been convicted of the crime. In addition, the court pointed out that there was no clear evidence that counsel did not investigate the matter. Counsel stated only that he had "no independent recollection" of whether he investigated the records surrounding the charge.

The state court noted that the charge did not result in a conviction and thus would be inadmissible under Indiana Rule of Evidence 609(a) and (b). The court also recognized, however, that if an evidentiary rule resulted in a violation of Humbles' constitutional right to cross-examination, the evidence should be admitted despite the rule. In Humbles' case, the court found no constitutional violation. Nor was the evidence admissible under Indiana Rule 404(b). Because the evidence would not have been admissible, and because another witness testified that Larkin was shot by the driver of the car Larkin approached, the court found there was no prejudice to Humbles.

Larkin argues that these conclusions were an unreasonable application of Strickland. We cannot agree. The Indiana court's view was that the factual basis of Humbles' claim is shaky (i.e., it was unclear from the record that counsel did not investigate) and we must accept that view of the facts. In addition, there were good reasons why counsel would not have wanted to delve deeply into the facts surrounding the charge of false informing. The incident that led to the charge involved LeRoy Humbles, petitioner's brother, and showed "bad blood" between Larkin and petitioner Humbles, thus adding to his motive to shoot Larkin. It could well have been a strategic move to decline to pursue the matter. We have said that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" U.S. ex rel. Hampton v. Leibach, 347 F.3d 219, 246 (7th Cir. 2003).

The second way in which counsel is said to have been ineffective is in his failure to object to a statement in the prosecutor's closing argument. The prosecutor said:

> Also, I want to talk to you about one person whose rights and concerns are often lost in this process that we call justice. And that's the victim, Titus Larkin.
>
> He's the primary reason we're here. We're here because he trusted that the system would work. He was shot out in front of a friend's house on New Years Eve. He didn't deserve that, no one should have to go through that.
>
> He called the police, he cooperated with the system. He trusted that the system would work for him.

The Indiana Court of Appeals found that any impropriety in this statement was limited by the trial court's instruction to the jury that the state must prove each element of the crime beyond a reasonable doubt. Furthermore, the court doubted that the comments had a prejudicial effect on the jury, given the substantial evidence of Humbles' guilt.

Relying on Martin v. Grosshans, 424 F.3d 588 (7th Cir. 2005), Humbles argues that our cases say that failure of defense counsel to address a prosecutor's inflammatory statements constitutes deficient performance.

It is true that in Martin we determined that counsel's failure to move for a mistrial based on the prosecutor's closing argument showed that his performance was deficient under Strickland. However, in that case--tried in Wisconsin--the comment involved references to two notorious Wisconsin murderers: one, well-known to almost everyone in and out of Wisconsin, was Jeffrey Dahmer. The prosecutor said that even people like Dahmer had character witnesses. We were particularly troubled because the trial took place in 1995 when the memory of Dahmer's "sexual exploitation and gruesome murders of young men was still fresh in the minds of area residents." We hardly think that somehow the reference to Dahmer in that case and the reference to the victim's rights here are in any way comparable. We cannot find that the Indiana Court of Appeals' decision is unreasonable.

Humbles also contends that counsel's failure to object to a reference to "mug shots" and a comment by an investigating officer showed that he was ineffective. During the trial, the prosecutor questioned Larkin about his identification of Humbles as the man who shot him. Larkin said that a few days after the shooting, a police officer asked him to identify the shooter from a photographic array. Of the array, Larkin said, "It's from the County, mug shots." Later the police officer was asked, during his trial testimony, where he obtained the photographs in the array. He said they came "from our files at the police department."

The Indiana Court of Appeals stated that under Indiana law a reference to "mug shots" is improper. But the court also noted that there was only a single reference to "mug shots." And as to the officer's statement, the court noted that the picture of Humbles in the photographic array did not show that his picture was the result of an arrest; it did not show him holding a placard reading "South Bend Police Department" as it did with some of the others. The court said that an objection to the officer's statement as to the origin of the photos might have been sustained, but it did not follow that the failure to object rendered counsel's performance ineffective. We cannot find that the court unreasonably applied Strickland. It is entirely possible that counsel declined to object, for instance, in order not to call attention to the fleeting reference to "mug shots" or to the reference to the police department as the origin of the photos.

Another way in which counsel is alleged to have been ineffective is in his failure to object to the jury instruction on attempted murder. As we will discuss, the jury instruction was not erroneous; therefore, this claim must fail.

It is clear that counsel did err when he said in his very short opening statement (it runs slightly more than one page of the trial transcript) that

Mr. Humbles will testify and tell you that he wasn't even there that night, that he was someplace else being a D.J. at a New Years Eve party.

But when the trial ended one day later, Humbles had not testified. In Hampton v. Leibach, we considered a broken promise such as this to constitute deficient performance.

The problem for Humbles, however, is that it is in this court that he raises the issue for the first time, and for that reason the state courts did not have an opportunity to consider it. Therefore, Humbles has defaulted his claim, which "precludes us from reaching the merits." Lieberman v. Thomas, 505 F.3d 665, 667 (7th Cir. 2007). We have said that

> [e]ver since Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), federal courts have held that a defendant's failure to assert his constitutional contentions at the time, and in the manner, required by state law forfeits any entitlement to federal collateral review of those contentions, unless the defendant can show cause for and prejudice from the omission, or a miscarriage of justice.

Brooks v. Walls, 279 F.3d 518, 523 (7th Cir. 2002).

Humbles acknowledges that the claim is defaulted. However, he says that he can show that our not considering his claim would result in a miscarriage of justice. He also acknowledges, relying on Schlup v. Delo, 513 U.S. 298 (1995), that to show a miscarriage of justice he must present evidence of innocence strong enough to undermine our confidence in the outcome of the trial. He says he meets the standard because without his testimony the jury had no choice but to believe Larkin. We cannot accept this argument.

As we see the situation, the problem is not that Humbles did not testify. It seems highly unlikely that the persuasive effect of his testimony saying he was somewhere else at the time of the shooting would have outweighed the cross-examination he would have faced. The failure to present his testimony clearly did not result in a miscarriage of justice. The problem is that his attorney told the jury he would testify. While that should not happen, we cannot find in this case that the promise caused a miscarriage of justice. It is highly unlikely that the jury convicted Humbles because counsel said he would testify, rather than because the consistent testimony of the victim that Humbles was the shooter was reliable.

Humbles' final two claims have the same shortcomings: he did not receive a certificate of appealability [28 U.S.C. § 2253(c)], and for both claims, as in the previous one, state law

determines the outcome. The first shortcoming is easily corrected; we will hereby grant a certificate of appealability.

The issue of state law, though, stands between Humbles and the relief he seeks. Humbles contends that he was denied due process because the jury instructions did not adequately state that he possessed the specific intent to commit murder. The instruction he objects to is as follows:

> You may infer intent to kill from the deliberate act of using a deadly weapon against another in a manner likely to cause death or serious injury.

The Indiana Court of Appeals considered and rejected the claim in Humbles' direct appeal. The court pointed out that the Indiana Supreme Court had specifically approved the instruction in Halbig v. State, 525 N.E.2d 288 (1988). There was, in short, an independent and adequate state law basis for the decision. We do not reexamine state-court determinations on state-law questions when the issue does not rise to the level of a violation of due process. Middleton v. McNeil, 541 U.S. 433 (2004). This issue does not. We will also point out that the jury was instructed that:

> To convict the Defendant of Attempted Murder . . . the State must have proved each of the following elements beyond a reasonable doubt:
> 1. The Defendant
> 2. intending to kill Titus Larkin
> 3. did shoot Titus Larkin
> 4. which was conduct constituting a substantial step toward the commission of the intended crime of murder.

The other claim is that the state suppressed exculpatory evidence about Larkin's prior charge of false informing. This claim is hard to credit because cross-examination of Larkin shows, as we have noted, that counsel knew of the charge. More importantly, the Indiana Court of Appeals found that Humbles had waived the claim when he failed to raise it on direct appeal, rather than in his postconviction motion. Indiana requires claims of prosecutorial misconduct based on the suppression of exculpatory evidence to be brought on direct appeal. See Minnick v. State, 698 N.E.2d 745 (1998); Collins v. State, 817 N.E.2d 230 (2004). Thus, the state court decision on this claim also rests on an independent and adequate state ground. Humbles fails to meet state procedural requirements, Coleman, 501 U.S. 722, and those requirements are regularly followed. Franklin v. Gilmore, 188 F.3d 877 (7th Cir. 1999).

For all of these reasons, the judgment of the district court is AFFIRMED.